## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**ROBIN CLAUDIO o/b/o E.P.I.C.,**              CASE NO. 3:21 CV 1661

    Plaintiff,

    v.                                       JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.                          **MEMORANDUM OPINION AND
ORDER**

### INTRODUCTION

Plaintiff Robin Claudio on behalf of E.P.I.C. seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Darrell A. Clay for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Clay recommends this Court reverse and remand the Commissioner's final decision. (Doc. 12). The Commissioner filed objections to the R&R (Doc. 13), and Plaintiff filed a response thereto (Doc. 14). For the reasons set forth below, the Court overrules the Commissioner's objections, adopts the R&R, and reverses and remands the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for supplemental security income on E.P.I.C.'s behalf in May 2019 alleging a disability onset date of September 18, 2018. (Tr. 63). Her claims were denied initially and upon reconsideration. (Tr. 69, 85). Plaintiff and E.P.I.C. (represented by counsel) testified at a hearing before an administrative law judge ("ALJ") on August 3, 2020. (Tr. 38-62). On October 9, 2020, the ALJ found Plaintiff not disabled in a written decision. (Tr. 18-31). The Appeals Council denied

Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 1-4). Plaintiff timely filed the instant action on August 26, 2021. (Doc. 1).

Plaintiff raised two arguments related to the ALJ's decision. First, she claimed the appointment of Andrew Saul as the Commissioner of the Social Security Administration violated the separation of powers and, as such, a written decision from an ALJ who derives her authority from Saul is constitutionally defective, entitling E.P.I.C. to remand for a *de novo* hearing. (Doc. 12, at 24). Second, she argued the ALJ failed to consider significant evidence when evaluating the functional domains and erred by failing to consider Listing 112.10 for autism spectrum disorder. *Id.*

In his R&R, Judge Clay concluded Plaintiff has not shown the harm necessary to be entitled to remand for a *de novo* hearing. However, he also found the ALJ did not provide sufficient analysis for the functional domain of attending and completing tasks, and that the ALJ should reevaluate all the relevant evidence of record, which may include a reconsideration of other functional domains, as well as whether E.P.I.C. meets Listing 112.10. He recommended the Court reverse and remand the Commissioner's decision. *See* Doc. 12.

### STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made

findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION[1]

The Commissioner objects to Judge Clay's conclusion that the ALJ did not provide sufficient analysis for the domain of attending and completing tasks. The Commissioner argues Judge Clay "looked too narrowly at the domain-by-domain analysis section without consideration of the entire ALJ decision when assessing whether the decision was supported by substantial evidence." (Doc. 13, at 3).

The Commissioner is correct that the R&R overlooks the fact that much of the evidence considered by the ALJ is present earlier in the written decision. While the analysis portions of the written decision exclude a great deal of evidence from the record, the ALJ summarizes much of that evidence in the decision's statement of facts; although some evidence from E.P.I.C.'s second evaluation by a school team is absent, the opinions from the most recent medical and psychological evaluations are present. (Tr. 21-24). It does not appear, based on this section of the written decision, that the ALJ selectively read the record. Even if an ALJ could have better organized their

---

1. Neither party objects to Judge Clay's summary of the record. Because the Court incorporates the R&R into this Opinion, it need not repeat E.P.I.C.'s medical history, which was thoroughly described by Judge Clay. Further, neither party objects to Judge Clay's recommendation that the Court deny Plaintiff's constitutional claim.

3

analysis, there is "no need to require the ALJ to spell out every fact a second time." *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014) (internal citations omitted).

The R&R is correct, however, in concluding the ALJ "does not meaningfully analyze the evidence or discuss how she reached her conclusion." (Doc. 12, at 31). A court "cannot uphold an ALJ's decision, even if there is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011).

Judge Clay concluded the ALJ failed to properly consider evidence and meaningfully explain her conclusions regarding E.P.I.C.'s limitations in the functional domains of attending and completing tasks. (Doc. 12, at 25). While the ALJ's conclusions about each functional domain were consistent with the conclusions of E.P.I.C.'s most recent medical evaluations in the record (Tr. 23), the ALJ did not perform any analysis or explanation connecting those evaluation results with the ALJ's conclusions. Most notably, the ALJ stated E.P.I.C. does not have a marked limitation in the domain of attending and completing tasks because "he did not necessarily have those problems when he could do an activity that interested him." (Tr. 24). The only activities for which the record reflects E.P.I.C. had interest or could complete are playing video games, playing with Legos, doing art projects, and reciting the alphabet. (Tr. 24, 26). This evidence is not substantial enough for the ALJ to rely upon to assert E.P.I.C. can "focus long enough to do classwork and homework," as SSR 09-4p indicates a school-aged child without a marked or extreme limitation in the domain of attending and completing tasks should be able to do. SSR 09-4p, 2009 WL 396033, at *2.

There may well be substantial evidence for the ALJ's conclusions regarding E.P.I.C.'s limitations in the domain of attending and completing tasks. But the ALJ does not explain it or

"build an accurate and logical bridge" between that evidence and her conclusion. *Fleischer*, 774 F. Supp. 2d at 877. This Court therefore agrees the ALJ should review and better explain how the evidence available leads to her decision. This may include a reconsideration of information relevant to other functional domains and a reconsideration of whether E.P.I.C. meets Listing 112.10 for autism spectrum disorder.

CONCLUSION

For the foregoing reasons, the Commissioner's objections are OVERRULED, Judge Clay's R&R (Doc. 12) is ADOPTED as the order of this Court, and the Commissioner's decision is REVERSED and REMANDED.

IT IS SO ORDERED.


        *s/ James R. Knepp II*
        UNITED STATES DISTRICT JUDGE